# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 6761 | DATE | 2/28/2012 |
| CASE TITLE | Fifth Third vs. ELB | | |

**DOCKET ENTRY TEXT**

Defendant's motions to vacate [20] and for reconsideration [21] are denied

■ [ For further details see text below.]     Docketing to mail notices.

## STATEMENT

     On September 26, 2011, Plaintiff Fifth Third Mortgage Company ("Fifth Third") sued ELB Mortgage Brokers, Inc. ("ELB"), alleging ELB breached a contract to broker loans for Fifth Third by providing false income information for a borrower on a mortgage. Fifth Third served the complaint, and the 20 days for ELB to answer came and went without anything from ELB. Fifth Third filed a motion for default judgment on November 2, 2011, which the Court granted on November 10, 2011 when ELB did not appear to contest the motion. On November 21, 2011, the Court entered judgment in Fifth Third's favor for $121,649.83.

     Two weeks later, on December 5, 2011, ELB filed a brief motion to vacate the Court's judgment order, stating that ELB "had mistakenly and negligently failed to file an appearance and answer in the foregoing cause" and "[i]t is not the normal practice of [ELB] to neglect important matters." (Doc. 14.) ELB noticed the motion for December 15, 2011, but its counsel did not show up to present his own motion and consequently, the Court denied it. (Docs. 15, 17.) Over three weeks passed. On January 9, 2012, ELB filed two motions. The first was a motion to vacate the order denying ELB's motion to vacate the default judgment (Doc. 20), which stated that ELB's counsel failed to appear on December 15 due to a scheduling error, and "[i]t is not the normal practice" for ELB's counsel to not appear at motion hearings. The second motion filed on January 9 was simply a re-filing of the first motion to vacate the default judgment. (Doc. 21.) In short, ELB's motions request that the Court vacate the default judgment.

     On January 17, 2012, the parties appeared and the Court took ELB's motions under advisement. The Court requested additional briefing from ELB on why the default should be vacated, instructing ELB to file a supplemental brief on January 24, 2012, with a response from Fifth Third by January 31, 2012. January 24 came and went and ELB did not file a brief supporting its motion to vacate the default. Fifth Third dutifully filed its brief on January 31.

**STATEMENT**

  Rule 60(b)(1) allows a court to vacate a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Relief under Rule 60(b) is "extraordinary" and only granted in "exceptional circumstances." *Provident Savings Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). To establish excusable neglect to set aside a default judgment, ELB must show: (1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense. *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 453 (7th Cir. 2000) (citing *Zuelzke tool & Eng. Co., Inc. v. Anderson Die Castings, Inc*., 925 F.2d 226, 229 (7th Cir. 1991)). Even if the several weeks that passed after the default judgment was entered is considered "quick action" on ELB's part, ELB has not shown good cause or a meritorious defense. Its own "negligence" is not good cause for default. By the Court's count, ELB has missed three deadlines or hearings: the original default, its own motion hearing, and the supplemental brief deadline. *See id.* (a "careless attitude" is not "good cause" and "where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted"). Moreover, ELB provides absolutely nothing suggesting it has a meritorious defense.

  In sum, ELB has repeatedly blown off deadlines and opportunities to correct its mistakes in this case and has provided the Court with no basis to vacate the default judgment. ELB's motions (Docs. 20 and 21) are denied.